IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

PAULA WALKER )
) No. 2-11-0018
v. )
)
SUNTRUST BANK )

O R D E R

As provided in the order entered February 6, 2012 (Docket Entry No. 36), a case management conference was scheduled on March 14, 2012, at which time counsel for the defendant appeared but no appearance was made by the plaintiff.[1] The following matters were addressed on March 14, 2012:

1. Defendant's counsel reported that, approximately one month ago, the plaintiff left her a voice mail message, indicating that the plaintiff intended to obtain a new lawyer and that defendant's counsel would hear from her or her new attorney. Defendant's counsel represented that she had not heard from the plaintiff or any attorney on her behalf since that time.

2. The stay, imposed in the February 6, 2012, order, is hereby LIFTED.

3. The plaintiff shall have until April 16, 2012, to serve responses to the defendant's outstanding written discovery.[2] If the plaintiff has any questions about her obligations in responding to the defendant's discovery requests or she does not understand what the defendant seeks, the plaintiff shall communicate with defendant's counsel.

---

[1] The record reflects that the plaintiff received a copy of the February 6, 2012, order on February 10, 2012. See Docket Entry No. 38.

[2] The defendant served supplemental requests for production in either December of 2011 or January of 2012, after the plaintiff's deposition, seeking documents related to the plaintiff's disability application and approval for Social Security disability benefits, and documents to support the plaintiff's testimony in her deposition that her doctors had faxed FMLA requests to the defendant.

4. By April 23, 2012, the defendant shall notify the Court of whether or not the plaintiff failed to respond to the written discovery and/or whether the defendant contends that her responses were insufficient or unresponsive.

5. The plaintiff is warned that, if she fails to respond to the written discovery to the best of her ability, the defendant may file a motion to dismiss this lawsuit, pursuant to Rule 37(b)(2) and (d) of the Federal Rules of Civil Procedure, and for her failure to appear at the case management conference on March 14, 2012, pursuant to Rule 16(f).

6. The January 25, 2012, deadline for the plaintiff to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure is extended to April 30, 2013. That deadline shall apply to disclosure of non-medical experts and any treating doctors who will be used as experts.

7. The February 22, 2012, deadline for the defendant to serve Rule 26(a)(2) expert disclosures is extended to May 30, 2012.

8. Unless otherwise ordered upon motion filed by June 4, 2012, there shall be no supplemental or rebuttal expert disclosures.

9. The February 15, 2012, deadline for completion of fact discovery, including any treating physicians for proof, and the March 30, 2012, deadline for completion of expert discovery are both extended to June 29, 2012.

10. The February 17, 2012, deadline for filing any discovery motion relating to fact discovery and the April 4, 2012, deadline for filing any discovery motion relating to expert discovery are extended to July 2, 2012.

11. The March 12, 2012, deadline for filing any dispositive motions is extended to July 27, 2012. Any response shall be filed within 21 days of the filing of the motion or by August 17, 2012, if the motion is filed on July 27, 2012. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by August 31, 2012, if the response is filed on August 17, 2012.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable Kevin H. Sharp.

There shall be no stay of discovery before the June 29, 2012, deadline for completion of all fact and expert discovery, including depositions taken for proof, even if a dispositive motion is filed prior thereto.

No memoranda in support of or in opposition to any dispositive motion shall exceed twenty (20) pages.

12. The November 30, 2011, deadline for filing any motion to amend the pleadings has passed and has not been extended.

In consultation with Judge Sharp's office, the jury trial, scheduled on July 17, 2012, is RESCHEDULED to **Tuesday, December 11, 2012, at 9:00 a.m.,** in the Cookeville Courthouse, 9 E. Broad Street, Cookeville, Tennessee. The parties previously anticipated that the trial will last 3-4 days.

The pretrial conference is also RESCHEDULED from June 25, 2012, to **Monday, November 19, 2012, at 1:30 p.m.**, in Courtroom A-826, U.S. Courthouse, 801 Broadway, Nashville, Tennessee.

The parties' obligations prior to the pretrial conference will be provided in an order entered closer to the trial date.

It is so ORDERED.

                                         JULIET GRIFFIN
                                         United States Magistrate Judge